IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERNEST RAY WHOLAVER, JR.,** *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| **JOHN E. WETZEL,** *et al.*, *Defendants* | : : | 22-492 |

# MEMORANDUM

PRATTER, J.                                                                         JUNE 6th, 2022

Ernest Ray Wholaver, Jr. brings suit *pro se* against the Pennsylvania Department of Corrections and the State Correctional Institute at Phoenixville, alleging that their response to COVID-19 has subjected him to punishment in violation of his Eighth Amendment rights. The defendants move to dismiss Mr. Wholaver's complaint. For the reasons that follow, the Court grants the motion to dismiss.

## BACKGROUND

Mr. Wholaver is currently imprisoned at the State Correctional Institute at Phoenixville ("SCI Phoenixville") located in Collegeville, Pennsylvania. He has brought a civil rights lawsuit under 42 U.S.C. § 1983, alleging that SCI Phoenixville's and the Department of Corrections' response to the COVID-19 global pandemic has subjected him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Specifically, Mr. Wholaver has sued the Secretary of the Pennsylvania Department of Corrections, the Superintendent of SCI Phoenixville, and unnamed medical supervisors at SCI Phoenixville. He alleges that he had an appointment with the counselor for his housing block at SCI Phoenix and, within the same week, an appointment with the unit manager for his housing block, both of whom later tested positive for

1

COVID-19. Shortly thereafter, he avers, he became sick, experienced trouble breathing, had no strength, and had to be taken in a wheelchair to receive medical attention. He tested positive for COVID-19. Mr. Wholaver claims that when the counselor and the unit housing manager for his housing block tested positive, the defendants did not engage in any contact tracing, did not lock down the cell block, and did not test the inmates on the housing block until days later, after multiple inmates tested positive. Mr. Wholaver claims that this violated his Eighth Amendment rights.

The defendants move to dismiss Mr. Wholaver's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Mr. Wholaver opposes the defendants' motion. The motion is now ripe for the Court's resolution.

### LEGAL STANDARD

In a complaint, a plaintiff must set out "a legally cognizable right of action" and "enough facts" to make that cause of action "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (internal quotation marks omitted). On a motion to dismiss for failure to state a claim, the Court takes all well-pleaded facts as true and draws all inferences in the light most favorable to the plaintiff. *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 105 (3d Cir. 2018). The Court does not decide whether the plaintiff's story *is* what happened, just whether it plausibly *could have* happened. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court notes that Mr. Wholaver's *pro se* pleading should be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). That admonition does not demand that the Court ignore or discount reality, however, even given the indulgent nature of the Court's review of *pro se* pleadings. The Court "need not accept as true unsupported conclusions and unwarranted inferences." *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000) (internal quotation marks omitted).

DISCUSSION

The defendants move to dismiss Mr. Wholaver's claim, construing it both as a prison-conditions claim (sometimes called a "conditions-of-confinement claim") and also as an inadequate-medical-care claim (sometimes called a "deliberate-indifference claim"). Both are Eighth Amendment claims and both are analyzed under the same legal standard. *Wilson v. Seiter*, 501 U.S. 294, 297–99, 304 (1991); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017). Mr. Wholaver, however, has clarified that his complaint is *not* about any inadequate medical care. Doc. No. 5 ¶¶ 3, 5. Thus, it seems Mr. Wholaver's claim is only about the conditions of his confinement at SCI Phoenixville and the Department of Corrections' and SCI Phoenixville's response to two staff members testing positive for COVID-19. Thus, the Court analyzes only this basis for Mr. Wholaver's claim.[1]

I. **Mr. Wholaver Has Not Alleged Personal Involvement by Any Named Defendant**

At the threshold, Mr. Wholaver has not stated how any of the defendants he named in this lawsuit had any personal involvement in the alleged wrongdoing. To allege a complaint under 42 U.S.C. § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. A defendant may not be held liable for the unconstitutional conduct of his or her subordinates under a theory of *respondeat superior*. *Id.*; *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Here, Mr. Wholaver's complaint is based on the positive COVID-19 tests of his housing block counselor and unit manager followed by his own case of COVID-19. He has not, however, alleged how the defendants he sued—the secretary designee of the Pennsylvania Department of Corrections, the Superintendent of SCI Phoenixville, and the medical supervisors at SCI

---

[1] While the Court must construe *pro se* pleadings liberally, *Estelle*, 429 U.S. at 106, the Court must also abide by the principle of party presentation. *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020).

3

Phoenixville—had any personal involvement. This is a fundamental requirement to any § 1983 suit and his failure to do so makes his complaint legally deficient.

Instead, Mr. Wholaver's claim seems to be based on these officials' supervisory powers and their ability to implement certain COVID-19 protocols affecting the facility at large. But, under § 1983, these defendants cannot be held liable under a theory of *respondeat superior*. Because his complaint does not allege the personal involvement of any named defendant and relies only on the defendants' supervisory powers over their employees, Mr. Wholaver's complaint fails to state a cognizable claim under 42 U.S.C. § 1983. These deficiencies alone are reason to dismiss his complaint.

Nevertheless, for the sake of being thorough, the Court will analyze the substance of Mr. Wholaver's Eighth Amendment claim.

## II. Mr. Wholaver's Complaint Fails to Allege an Eighth Amendment Claim

Mr. Wholaver's complaint appears to allege both that the Department of Corrections and SCI Phoenixville failed to properly respond to the known COVID-19 cases of his counselor and his housing block manager (by contact tracing, initiating a lock down, or by testing patients) and also that the Department of Corrections and SCI Phoenixville permitted him to come into contact with these people, placing him at greater risk. Either way, his complaint fails to state a plausible Eighth Amendment claim upon which relief can be granted.

The Eighth Amendment to the United States Constitution states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. "The Amendment's prohibition on cruel and unusual punishment applies to both an inmate's formal sentence and to 'deprivations that were not specifically part of the sentence, but were suffered during imprisonment.'" *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019) (quoting *Wilson*, 501 U.S. at 297). The Eighth Amendment, in part,

protects people from punishment that constitutes "unnecessary *and wanton* infliction of pain." *Wilson*, 501 U.S. at 297.

When a prisoner challenges prison conditions he must meet two requirements. First, a prison official violates the Eighth Amendment when "the deprivation alleged [is], objectively sufficiently serious" and that deprivation "result[s] in the denial of the minimal civilized measures of life's necessities." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). This means, for example, that prison officials must provide inmates with "adequate food, clothing, shelter and medical care." *Id.* at 832. When an inmate challenges prison conditions, he must show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. Second, a prisoner must show that the prison official(s) has a "sufficiently culpable state of mind" meaning one of "deliberate indifference to inmate health or safety." *Id.* at 834 (internal quotation marks omitted). In other words, the "prison official must both know of and disregard an excessive risk to inmate health or safety." *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 321 (3d Cir. 2005) (quoting *Beers–Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001)). The mental state requirement is subjective, "meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official *should* have been aware." *Mammana*, 934 F.3d at 373 (emphasis added) (quoting *Woloszyn*, 396 F.3d at 321).

Starting with the objective prong first, Mr. Wholaver has not alleged that he was incarcerated under conditions posing a substantial risk of serious harm. To be sure, the COVID-19 global pandemic presents a serious health risk, and the defendants do not contest this. Doc. No. 4-1, at 10; *Basics of COVID-19*, Centers for Disease Control & Prevention (Nov. 4, 2021), https://www.cdc.gov/coronavirus/2019-ncov/your-health/about-covid-19/basics-covid-19.html (last visited May 23, 2022). But the Pennsylvania Department of Corrections and SCI Phoenixville

5

*have* been taking steps to contain COVID-19 and reduce the risk of COVID-19 for prisoners. For example, among other measures, the Pennsylvania Department of Corrections has suspended in-person visits when necessary, enhanced the screening and quarantine for new inmates, and increased its screening of staff members for positive cases.[2] *COVID-19*, Pa. Dep't of Corrections, https://www.cor.pa.gov/Pages/COVID-19.aspx (last visited May 23, 2022). Perhaps Mr. Wholaver believes that the Philadelphia Department of Corrections and SCI Phoenixville can and should do more to mitigate the harm of COVID-19. But that is not enough to state an Eighth Amendment claim. *United States v. Cato*, No. 14-cr-315-1, 2020 WL 4193055, at *1 n.1 (E.D. Pa. July 21, 2020) ("'[T]he Eighth Amendment does not require perfection on the part of prison officials.'"). While it may be Mr. Wholaver's preference that the Pennsylvania Department of Corrections and SCI Phoenixville take the steps he has named in his complaint (contact tracing, lockdown measures and increased testing), their failure to do so did not "result in the denial of the minimal civilized measures of life's necessities." *Farmer*, 511 U.S. at 834; *see also Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 330–31 (3d Cir. 2020) (concluding that petitioners could not show a likelihood of success on the merits of a deliberate indifference claim for "a failure to eliminate all risk" of COVID-19).

Moving next to the subjective prong, Mr. Wholaver has not made any allegation that the Department of Corrections of SCI Phoenixville subjectively knew of and disregarded the risk of COVID-19 broadly or to Mr. Wholaver specifically. Starting broad, as already discussed, the Pennsylvania Department of Corrections has taken numerous steps to mitigate COVID-19 at SCI Phoenixville. Thus, Mr. Wholaver has not stated a claim that officials both knew of and disregarded an excessive risk. More specifically, Mr. Wholaver has not stated a claim that his

---

[2] The Court may take judicial notice of information made publicly available by government entities. *Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017).

6

counselor or unit manager knew of and disregarded a risk that they had contracted COVID-19 and might spread it to others or that officials at either the Department of Corrections or SCI Phoenixville encouraged his counselor or unit manager to continue coming into work (or prevented them from staying away) once they had tested positive. Thus, he cannot demonstrate that *any* official knew of and disregarded a substantial risk, as he must to state an Eighth Amendment claim. *Woloszyn*, 396 F.3d at 321.

Furthermore, Mr. Wholaver's complaint is speculative and, thus, does not meet the pleading requirements so as to survive a motion to dismiss. His complaint states that he was in contact with the counselor and the unit manager for his housing block and then "a couple days later [he] was told [they] had [COVID-19]." Doc. No. 1-1 ¶ 15. He does not suggest that the Department of Corrections or SCI Phoenixville knew of these positive cases and asked these employees to remain at SCI Phoenixville or to remain in contact with prisoners there. Mr. Wholaver's theory would also require the Court to infer multiple missing links in this causal chain, namely, that the counsel and unit manager had COVID-19 at the time Mr. Wholaver had contact with them, were contagious at that time, that he contracted COVID-19 from them versus someone else, and that the Department of Corrections and/or SCI Phoenixville are responsible for those causal links. While the Court takes all well-pleaded facts as true and draws all inferences in the light most favorable to the plaintiff, Mr. Wholaver's complaint is speculative, which is not sufficient to get it over the threshold from the possible to the plausible, as is required to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

Therefore the Court grants the defendants' motion to dismiss in full.

CONCLUSION

For the foregoing reasons, the Court grants the defendants' motion and dismisses Mr. Wholaver's complaint without prejudice. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE